1   MICHAEL J. GEARIN (admitted *pro hac vice*)
2   michael.gearin@klgates.com
    MICHAEL B. LUBIC (SBN 122591)
3   michael.lubic@klgates.com
    MICHAEL K. RYAN (admitted pro hac
4   vice)
    michael.ryan@klgates.com
5
    Members of **K&L GATES LLP**
6   10100 Santa Monica Boulevard, Seventh
    Floor
7   Los Angeles, California 90067
    Telephone:  310.552.5000
8   Facsimile:  310.552.5001
9   Attorneys for California Public
    Employees' Retirement System
10
                    UNITED STATES DISTRICT COURT
11                  CENTRAL DISTRICT OF CALIFORNIA
12
    In re
13
    CITY OF SAN BERNARDINO,
14  CALIFORNIA,
15              Debtor.
    _____
16
    CITY OF SAN BERNARDINO,            Case No. 5:13-cv-01797-SJO
17  CALIFORNIA,
18              Plaintiff-Appellee,    CALPERS' MOTION FOR LEAVE TO
                                       FILE BRIEF *AMICUS CURIAE* IN
19          v.                         SUPPORT OF DEFENDANTS'
                                       APPEAL
20  STATE OF CALIFORNIA; JOHN
    CHIANG, in his official capacity as State
21  Controller of the State of California;   Assigned to Hon. S. James Otero
    OFFICE OF THE STATE
22  CONTROLLER OF CALIFORNIA;
    MICHAEL COHEN, in his official
23  capacity as the Director of the State of
    California Department of Finance;
24  CALIFORNIA DEPARTMENT OF
    FINANCE,
25
                Defendants-Appellants
26
27
28

                                 1

**CALPERS' MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

1   The California Public Employees' Retirement System ("CalPERS"), by and

2   through its undersigned attorneys, hereby moves this Court for leave to file the

3   attached brief as *amicus curiae*. The proposed brief is attached as Exhibit A.

4   CalPERS is an arm of the State of California, which implements and administers

5   the State's public employee retirement program—an aspect of the State's sovereignty.

6   CalPERS should be granted leave to file its brief because this appeal addresses issues

7   that are important to CalPERS and its approximate 1.7 million members. More

8   specifically, it addresses whether a municipality, which is a creature of the State, can

9   hale a State Agency into federal court against its will and then ask that court to require

10  a State Agency to turnover funds to a non-party debtor that such non-party debtor

11  never possessed. The Supreme Court has been express in its view that "the States'

12  immunity from suit is a fundamental aspect" of State sovereignty. *Alden v. Maine*, 527

13  U.S. 706, 713 (1999). In addition, this is the very first case that CalPERS is aware of

14  that asks a court to apply the Supreme Court's decision in *Central Virginia Community*

15  *College v. Katz*, 546 U.S. 356 (2006), to a municipal bankruptcy filed under chapter 9

16  of the Bankruptcy Code. Also, this appeal implicates issues relating to the degree of

17  control the State Agencies of California, like CalPERS, exercise over one of the State's

18  municipalities which seeks the protection of the bankruptcy court. These issues are of

19  significant importance to CalPERS, which acts to ensure the rights of its members and

20  retirees for numerous municipalities across the State. Additionally, leave should be

21  granted because the participation of CalPERS will not prejudice any party and may be

22  of assistance to the Court. Due to the importance of the sovereign immunity and

23  sovereignty issues, CalPERS' Board has authorized the filing of this *amicus curiae*

24  brief.

25  An individual or organization seeking leave to appear as *amicus curiae* need not

26  establish strict prerequisites. Rather, the court has broad discretion to permit *amicus*

27  participation and the applicant need only show "that his participation is useful to or

28  otherwise desirable to the court." *Congregation Etz Chaim v. City of Los Angeles*,

2

**CALPERS' MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

2009 WL 1293257, at *5 n.4 (C.D. Cal. May 5, 2009) (quoting *Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, 2006 U.S. Dist. LEXIS 81506, 2006 WL 3050849 (N.D. Cal. 2006)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation omitted).

In bankruptcy appeals to district courts, district courts have applied Rule 29 of the Federal Rules of Appellate Procedure by analogy to determine the procedures to be followed by parties filing amicus briefs. *See Triad Int'l Maint. Corp. v. Southern Air Transp., Inc.*, No. 2:04-CV-1200, 2005 WL 1917512, at *1 (S.D. Ohio Aug. 10, 2005); *In re Dow Corning Corp.*, 255 B.R. 445, 446 (E.D. Mich. 2000).

It is of importance to CalPERS that the bankruptcy court's misapplication of the United States Supreme Court's decision in *Katz* and its erroneous views regarding the Tenth Amendment are reversed. In 1945, the City of San Bernardino elected to participate in the California State Retirement System, subject to the provisions of the State Employees' Retirement Act. The City's obligations are defined by the Public Employees' Retirement Law (the "PERL"), Cal. Gov. Code § 20000 *et. seq*. Article XVI, section 17 of the California Constitution mandates that the CalPERS Board of Administration ensure the rights of CalPERS members and retirees to their full earned benefits. *City of Oakland v. Pub. Emps. Ret. Sys.*, 95 Cal. App. 4th 29, 39 (2002). Thus, CalPERS, like its sister agencies involved in this appeal, performs essential sovereign functions that are prescribed by law. *See* Cal. Gov. Code § 20002 (CalPERS "is a unit of the State and Consumer Service Agency"); *Feinstein v. Lewis,* 477 F. Supp. 1256, 1261 (S.D.N.Y. 1979) (quoting ERISA's legislative history noting issues relating to state pensions are "are questions of state and local sovereignty [in which] the Federal Government should not interfere."), *aff'd* 622 F.2d 573 (2d Cir. 1980);

**CALPERS' MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

*Arya v. CalPERS*, -- F. Supp.2d --, 2013 WL 1858422, at \*8 (E.D. Cal. May 2, 2013) (finding CalPERS enjoys sovereign immunity).

The effect of this Court's ruling is not limited to the City of San Bernardino. It establishes precedent in an unsettled area of law that may be applied to other chapter 9 cases in this State and across the nation. For this reason, CalPERS filed a brief as *amicus curiae* that was considered by the bankruptcy court in connection with the decision from which the Defendants are now appealing. *See* ER 217-83. As described in CalPERS' proposed *amicus* brief, it is imperative that state agencies, like CalPERS, be immune from suit in order for chapter 9 to function as Congress intended. CalPERS submits that its proposed brief raises important issues and presents a unique perspective, both of which will assist the Court in deciding this appeal.

For the foregoing reasons, CalPERS requests that this Court grant CalPERS leave to file the accompanying brief in support of Defendants-Appellants. In addition, to the extent this Court would find it helpful, CalPERS respectfully requests an opportunity to participate in oral argument on appeal. *See* Fed. R. App. P. 29(g).

The undersigned counsel certifies that no other party's counsel authored the attached *amicus curiae* brief in whole or in part, no other party or party's counsel contributed money intended to fund this brief, and no other person contributed money that was intended to fund the preparing or submitting of this brief. *See* Fed. R. App. P. 29(c)(5)(A)-(C).

Respectfully submitted,

Michael J. Gearin (pro hac vice)
Michael B. Lubic
Michael K. Ryan (pro hac vice)
K&L GATES LLP

Dated: October 31, 2013        By: /s/ *Michael B. Lubic*
                                                      Michael B. Lubic
                                                      Attorneys for California Public
                                                      Employees' Retirement System

**CALPERS' MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is K&L GATES LLP, 10100 Santa Monica Boulevard, 7th Floor, Los Angeles, California 90067.

On October 31, 2013, I served the foregoing document(s) described as follows:

## CALPERS' MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF DEFENDANTS' APPEAL

☒   Via the CM/ECF system of the United States District Court, Central District of California.

☒   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California 90067, addressed as set forth below.

James F. Penman
Don A. DiMichele
Jolena E. Grider
Office of the City Attorney
300 North D Street, 6th Floor
San Bernardino, CA 92418

☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2013, at Los Angeles, California.

_____
Jonathan Randolph

5

CALPERS' MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE