DAVID L. DUBROW (admitted *pro hac vice*)
CAROL CONNOR COHEN (admitted *pro hac vice*)
METTE H. KURTH (SBN 187100)
MARK A. ANGELOV (admitted *pro hac vice*)
M. DOUGLAS FLAHAUT (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400/Facsimile: 213.629.7401
Email: david.dubrow@arentfox.com
carol.cohen@arentfox.com
mette.kurth@arentfox.com
mark.angelov@arentfox.com

Attorneys for Ambac Assurance Corporation, Erste Europaische Pfandbrief-und Kommunalkreditbank AG and Wells Fargo Bank, N.A., as Trustee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>CITY OF SAN BERNARDINO, CALIFORNIA,<br>Debtor. | Case No.: 5:13-cv-01797-SJO |
| CITY OF SAN BERNARDINO, CALIFORNIA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>STATE OF CALIFORNIA; JOHN CHIANG, in his official capacity as State Controller of the State of California; OFFICE OF STATE CONTROLLER, STATE OF CALIFORNIA; ANA J. MATOSANTOS, in her official capacity as the Director of the State of California Department of Finance; CALIFORNIA DEPARTMENT OF FINANCE; LARRY WALKER, in his official capacity as the Auditor Controller, Treasurer, and Tax Collector of the County of San Bernardino; COUNTY OF SAN BERNARDINO; CYNTHIA BRIDGES, in her official capacity as the Executive Director of the CALIFORNIA STATE BOARD OF EQUALIZATION; CALIFORNIA STATE BOARD OF EQUALIZATION,<br><br>Defendants-Appellants. | **POB CREDITORS' MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF APPELLEE CITY OF SAN BERNARDINO**<br><br>Assigned to<br>Hon. S. James Otero |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No.: 5:13-cv-01797-SJO

POB CREDITORS' MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF APPELLEE CITY OF SAN BERNARDINO

Ambac Assurance Corporation ("Ambac"), Erste Europäische Pfandbrief- und Kommunalkreditbank AG ("EEPK"), and Wells Fargo, NA, Trustee ("Wells Fargo") (collectively the "POB Creditors") move this Court for leave to file a brief *amici curiae*. The proposed brief is attached as **Exhibit A.**

The POB Creditors seek leave to file a brief *amici curiae* because the outcome of this appeal will have a material effect on their interests in San Bernardino's main bankruptcy case, and may also have a significant effect on their interests in other chapter 9 cases.[1] Ambac insures billions of dollars in municipal obligations nationwide; EEPK owns bonds issued by municipalities across the country, and Wells Fargo regularly serves as the indenture trustee for municipal bonds. The POB Creditors therefore have a significant interest in the proper resolution of the issues raised by this appeal because they may materially affect events not only in San Bernardino's bankruptcy, but also in other current and future municipal bankruptcies nationwide.

The instant appeal concerns the extent to which the automatic stay prohibits the Appellants from exercising certain state statutory remedies that directly affect the debtor and its efforts to negotiate a plan of adjustment with all of its creditors. The appeal implicates two important constitutional issues arising under the Tenth and Eleventh Amendments, including the interplay between, on the one hand, the Bankruptcy Court's jurisdiction and the remedies provided by the Bankruptcy Code, and on the other hand, state sovereignty under the Eleventh Amendment and federalism concerns under the Tenth Amendment. The Appellants maintain that they are essentially "super-creditors," entitled to withhold approximately $15

[1] Wells Fargo, EEPK, and Ambac are, respectively, the indenture trustee, bondholder, and bond insurer of certain 2005 Pension Obligation Bonds issued by the City. Ambac, as the bond insurer, is responsible to bondholders for certain principal and interest payments when due as required by its policy to the extent the City does not satisfy its obligations under the insured bonds. Under relevant provisions of the applicable bond documents, insurance policy, and applicable law, to the extent Ambac makes payments under its policy, it is subrogated to the rights of bondholders and effectively steps into the shoes of such bondholders. Ambac has already made at least one payment to EEPK as a result of the City's failure to make bond debt service payments.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

Case No.: 5:13-cv-01797-SJO

- 1 -

POB CREDITORS' MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF APPELLEE CITY OF SAN BERNARDINO

million in tax revenues owed to the City. The City contends that if the Appellants are permitted to withhold these funds, the City's ability to continue operations, and to work out a plan of adjustment, will be seriously jeopardized.

The court has broad discretion to permit *amici* to appear; *amici* must demonstrate only "that [their] participation is useful to or otherwise desirable to the court." *Congregation Etz Chaim v. City of Los Angeles,* No. 97-5042, 2009 WL 1293257, *5 n.4 (C.D. Cal. May 5, 2009) (internal quotation marks omitted). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotation marks and citation omitted).

The POB Creditors should be granted leave to file their brief *amici curiae* because the resolution of the complex legal issues involved in this case will have "potential ramifications beyond the parties" to the adversary proceeding. First, the resolution of the legal issues raised by this appeal will have a direct bearing on San Bernardino's main bankruptcy case and all of the City's creditors. It could also be critical to the City's continuing ability to operate and successfully adjust its debts. For example, CalPERS filed a Motion for Relief from Stay [Dkt. 227] in the main bankruptcy case urging, as do the Appellants here, that it was not bound by the automatic stay, seeking to require the City's payment of millions of dollars on account of its pre-petition claim. The POB Creditors opposed CalPERS' motion. [Dkt. 257]. Even though the Bankruptcy Court denied CalPERS' motion, it did so without prejudice, [Dkt. 299], leaving open the possibility that the motion may be renewed and the issues implicated in this appeal may arise again in the main bankruptcy case. Leave to file the brief *amici curiae* should be granted because of the material impact these complex issues will have on the City's ability to emerge

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

Case No.: 5:13-cv-01797-SJO

- 2 -

POB CREDITORS' MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF APPELLEE CITY OF SAN BERNARDINO

from bankruptcy and, consequently, the rights of its creditors, including the POB Creditors.

Second, the sovereign immunity and federalism issues raised by the appeal have broad implications beyond the City's bankruptcy proceedings. This Court's decision will likely impact all current and future municipal bankruptcies, and the POB Creditors have or will likely have creditor exposure in those proceedings. For example, Ambac, EEPK, and Wells Fargo have a tremendous stake in the resolution of these issues as they are, respectively, a bond insurer, bondholder, and indenture trustee with respect to countless municipal obligations in California as well as elsewhere in the United States. As the California Public Employees' Retirement System ("CalPERS") correctly observed in its motion for leave to file a brief *amicus curiae*, "the effect of this Court's ruling is not limited to the City of San Bernardino."[2] *See* [Dkt. 12] at 4. Nor is the impact limited to the State of California. Ambac, EEPK, and Wells Fargo have or represent significant municipal creditor interests nationwide and, therefore, present a unique perspective that will assist the Court in resolving the appeal. Having dealt with other financially distressed municipalities, the POB Creditors are keenly aware of the importance of the protection from creditor remedies that bankruptcy offers. For the reasons detailed in the POB Creditors' proposed brief *amici curiae*, unless the notion that states are exempt from the strictures of the Bankruptcy Code is rejected, no chapter 9 debtor will be able to avail itself fully of the "breathing spell" from creditors that is afforded by a bankruptcy filing, and that provides the debtor with an opportunity to negotiate a plan of adjustment. Because of the broad impact the outcome of this appeal could have on current and future cases in which the POB Creditors have a significant interest, leave to file the *amici* brief should be granted.

Third, and separately from the legal issues involved, the POB Creditors will

[2] This Court permitted CalPERS to file a brief *amicus curiae* by order dated November 5, 2013 [Dkt. 13]. The Bankruptcy Court similarly granted leave to both the POB Creditors and CalPERS to file briefs *amici curiae* in the proceedings in the court below.

be materially affected by the practical outcome of the appeal. If the Appellants are permitted to withhold $15 million in taxes from the City, the City's continuing ability to operate and rehabilitate under chapter 9 will be threatened if not outright defeated. Leave to file the brief *amici curiae* is warranted for this reason as well.

For the foregoing reasons, the POB Creditors request that this Court grant the POB Creditors leave to file the accompanying brief in support of the Appellee.

The undersigned party's counsel certifies that no other party's counsel authored the attached *amicus curiae* brief in whole or in part, no other party or party's counsel contributed money intended to fund this brief, and no other person contributed money that was intended to fund the preparation or submission of this brief. *See* Fed. R. App. P. 29(c)(5)(A)-(C).

Dated: November 14, 2013

Respectfully submitted,

**ARENT FOX LLP**

By: /s/ *M. Douglas Flahaut*
DAVID L. DUBROW
CAROL CONNOR COHEN
METTE H. KURTH
MARK A. ANGELOV
M. DOUGLAS FLAHAUT
Counsel for Ambac Assurance Corporation, Erste Europäische Pfandbrief-und Kommunalkreditbank AG and Wells Fargo Bank, N.A., as Trustee

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

Case No.: 5:13-cv-01797-SJO

- 4 -

POB CREDITORS' MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF APPELLEE CITY OF SAN BERNARDINO